Case No. SACV 11- 00278 DOC (RNBx)            Date: May 9, 2011

Title: JOSE FLORES, ET AL. v. CITY OF WESTMINSTER, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT

      Before the Court is Defendants' Motion to Dismiss and to Strike Portions to Plaintiffs' Complaint ("Motion") (Docket 7). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, and for the reasons set forth below, the Court GRANTS in part and DENIES in part the Motion.

## I. BACKGROUND

      Plaintiffs are three police officers of Latino/Hispanic origin employed by Defendant, the City of Westminster, and supervised by Defendants Mitchell Waller and Andrew Hall (Hall and Waller referred to collectively as "Individual Defendants"). Complaint ("Compl."), ¶¶ 4-9. According to their Complaint, Plaintiffs have been denied special assignments and promotions throughout their career at the Westminster police department; Plaintiffs contend that these denials resulted from race discrimination. *Id.*, ¶ 1.

      As a result of this alleged discrimination, Plaintiffs filed suit on February 15, 2001. Plaintiffs' Complaint asserts a cause of action under California's Fair Housing and Employment Act, as well as claims under two federal civil rights statutes, 42 U.S.C. §§ 1981 and 1983. Defendants bring the instant Motion to dismiss Plaintiffs' claims under 42 U.S.C. § 1981 and to strike Plaintiffs' prayer

for punitive damages.

## II. LEGAL STANDARD

### a. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

### b. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (internal quotation marks and citation omitted). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023 (1994).

## III. DISCUSSION

### a. Motion to Dismiss Plaintiffs' Claims Under 42 U.S.C. § 1981

Defendants first move to dismiss Plaintiffs' claims under 42 U.S.C. § 1981 ("Section 1981"). Section 1981 provides, in pertinent part, that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws . . . as is enjoyed by white citizens." In other words, Section 1981 authorizes a private right of action to enforce the contract clause of the United States Constitution. The parties dispute the applicability of Section 1981 to Plaintiffs' claims: specifically, Defendants contend that, because Plaintiffs hold their jobs pursuant to

California's public service statute, as opposed to a traditional contract, Section 1981 does not protect them.

The Ninth Circuit decision in *Judie v. Hamilton*, 872 F.2d 919 (9th Cir. 1989) offers a three-part test to use in order to determine whether a plaintiff's employment relationship is contractual for the purposes of Section 1981. Under this test, courts first "look to the laws of the United States 'so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect.'" *Id.* at 922 (quoting *Burnett v. Graham*, 468 U.S. 42, 47-48 (1984)). If no suitable federal rule exists, courts "consider the application of state 'common law, as modified and changed by the constitution and statutes' of the forum state." *Id.* Finally, "a third step asserts the prominence of the federal interest; courts are to apply state law only if it is not 'inconsistent with the Constitution and the laws of the United States.'" *Id.* The Court applies this analysis to the case at bar.

With respect to the first factor, federal civil rights statutes do not provide a body of law for interpreting contracts. *Id.*

The Court thus turns to California law – specifically, the opinion of the California Supreme Court in *White v. Davis*, 30 Cal. 4th 528 (2003). In *White*, the California Supreme Court held that "a long line of California cases establishes that with regard to at least certain terms or conditions of employment that are created by statute, an employee who performs services while such a statutory provision is in effect obtains a right, *protected by the contract clause*, to require the public employer to comply with the prescribed condition." *Id.* at 564-65 (emphasis in original). The particular right at issue in *White* was the right to receive pension payments, which the Court characterized as the right to "the payment of salary which has been earned." *Id.* at 565 (citing *Kern v. City of Long Beach*, 29 Cal. 2d 848, 853 (1947)). Here, Plaintiffs base their Section 1981 claims on charges of discrimination in promotions and making assignments – issues that the *White* court did not address. Nevertheless, the underlying principle of *White* suggests that California law favors protecting public employees from discrimination in employment decisions through claims brought under Section 1981. *See Peterson v. California Dept. of Corrections and Rehabilitation*, 451 F. Supp. 2d 1092, 1103 (E.D. Cal. 2006) (explaining that "although the holding in *White* is somewhat narrow in scope, [the state law] factor weighs in favor of allowing the Section 1981 claim to proceed" in a discrimination-in-promotion case).

Application of the third factor – the predominance of federal interests – resolves any doubt regarding whether Plaintiffs' Section 1981 claims should be allowed to proceed. Section 1981 seeks to rid the workplace of unlawful discrimination, as "the right to dispose of one's labor freely and by contract is at the heart of the protections afforded by Section 1981." *Sagana v. Tenorio*, 384 F.3d 731, 737 (9th Cir. 2004) (internal citations and quotations omitted). *See also Peterson*, 451 F. Supp. 2d at 1103 (noting that "there is a strong federal policy to pervent employment discrimination against government employees."); *Lukovsky v. City and County of San Francisco*, 2006 WL 436142 at *3 (N.D. Cal. 2006). The type of employment activity implicated by Plaintiff's claims – promotions and assignments – goes to the heart of this federal policy. *Peterson* 451 F. Supp. 2d at 1103; *Lukovsky,*

2006 WL 436142 at *3. Indeed, in 1991, Congress amended Section 1981 specifically to reflect the statute's broad reach in the area employment relations, inserting a provision clarifying that "the term 'make and enforce contracts' includes the making, performance, modification of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(b). As the Northern District of California explained in *Lukovsky*, "[w]ith this amendment, Congress swept in not only the initiation of the employment relationship but also subsequent modifications during the course of the employment relationship, such as promotion." *Id.* The Supreme Court's analysis of Section 1981 makes clear that Section 1981 extends to discrimination by a government entity. *See e.g. Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 459-60 (treating the application of Section 1981 to government entities as a foregone conclusion); *Peterson* 451 F. Supp. 2d at 1103 ("The Supreme Court has always held that Section 1981 prohibits governmental discrimination . . .") (citing *Runyon v. McCrary*, 427 U.S. 160, 168-72 91976); *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. at 459-60); *Lukovsky,* 2006 WL 436142 at *3 (same). It thus would run contrary to federal interests to deprive California government employees of the protection of Section 1981. Plaintiffs may pursue their claims for violation of this statute.

The Ninth Circuit's finding, in *Judie*, that the plaintiffs in that case were not covered by Section 1981 does not compel a different result. Important distinctions separate *Judie* from the instant case. First, the *Judie* court was applying Washington's civil service law, as interpreted by the Washington Supreme Court in a decision that reads quite differently than the California Supreme Court's opinion in *White*. *See Judie*.872 F.2d at 923 (discussing *Washington Federation of State Employees v. State*, 101 Wash. 2d 536 (1984)). More importantly, the *Judie* decision predated the 1991 amendments to Section 1981 that expanded the reach of the statute's "make and enforce" contracts term.

In sum, Plaintiffs have stated a valid claim for violation of Section 1981. Defendants' Motion to dismiss this claim is DENIED.

### b. Motion to Strike Plaintiffs' Request for Punitive Damages

Defendants next move to strike Plaintiffs' prayer for punitive damages. The Complaint's Prayer for Relief section requests punitive damages for Plaintiffs' first, second and fourth causes of action. Compl., ¶ 54(c).

Plaintiffs' first cause of action accuses the City of Westminster of violating California's Fair Employment and Housing Act ("FEHA"). Plaintiffs do not oppose Defendants' motion to strike the prayer for punitive damages under this claim. Accordingly, the motion to strike the punitive damages request under Plaintiff's FEHA claim is GRANTED AS UNOPPOSED. The language in paragraph 54(c) of the Complaint requesting punitive damages for cause of action number "one" is hereby STRICKEN.

Plaintiffs second and fourth causes of action allege that the Individual Defendants

violated 42 U.S.C. §§ 1981 and 1983, respectively. The Court declines to strike Plaintiffs' prayer for punitive damages under these claims. The Supreme Court has established that punitive damages are available against individual defendants under 42 U.S.C. § 1983 ("Section 1983") "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 35-36 (1983). The Supreme Court has clarified that this standard focuses not on whether the defendant's behavior was objectively "egregious," but rather on the defendant's subjective motive or intent. *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535 (1999). The Ninth Circuit has determined that this test applies equally to claims against individual defendants under Section 1981 as it does to claims under Section 1983. *Woods v. Graphic Communications*, 925 F.2d 1195, 1206 (9th Cir. 1991).

Here, Plaintiffs have alleged that the Individual Defendants acted with the requisite state of mind to qualify for punitive damages. Whether Plaintiffs are able to prove those allegations remains to be seen, but the Court declines to resolve this issue prematurely by way of a motion to strike. *See Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (explaining that motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") (internal quotation marks and citation omitted).

## IV. DISPOSITION

In light of the above, the Court DENIES Defendants' Motion to dismiss Plaintiffs' claims under 42 U.S.C. § 1981.

The Court GRANTS as unopposed Defendants' Motion to strike Plaintiffs' prayer for punitive damages against the City of Westminster under Plaintiffs' cause of action under FEHA.

The Court DENIES Defendants' Motion to strike the remainder of Plaintiffs' requests for punitive damages.

The Clerk shall serve this minute order on all parties to the action.