Melanie M. Poturica, Bar No. 91279
mpoturica@lcwlegal.com
Jeffery E. Stockley, Bar No. 166438
jstockley@lcwlegal.com
Leighton E. Davis, Bar No. 281123
ldavis@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendants
CITY OF WESTMINSTER, MITCHELL WALLER,
ANDREW HALL, RON COOPMAN, and KEVIN
BAKER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FLORES, RYAN REYES, BRIAN PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WESTMINSTER, MITCHELL WALLER, in his individual capacity, ANDREW HALL, in his individual capacity, RON COOPMAN, in his individual capacity, KEVIN BAKER, in his individual capacity, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: SACV 11-00278 DOC (RNBx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 13 TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE OF ALLEGED AFFAIR BY SERGEANT WEBB; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Filed Concurrently with Declaration of Jeffery E. Stockley)<br><br>Date: December 9, 2013<br>Time: 8:30 a.m.<br>Courtroom: 9-D<br><br>Trial Date:            February 4, 2014<br>Final Pretrial Conf.: December 9, 2013 |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on December 9, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 9-D of the United States District Court in the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants CITY OF WESTMINSTER,

MITCHELL WALLER, ANDREW HALL, RON COOPMAN, and KEVIN BAKER (collectively referred to as "Defendants") will move the Court *in limine*, under Federal Rules of Evidence 402, 403, 404, 608, and 802 for an order barring Plaintiffs Jose Flores, Ryan Reyes, and Brian Perez and their attorneys or witnesses from referencing, attempting to solicit information regarding, or offering any evidence concerning an alleged affair between Sergeant Don Webb and another employee.

This motion is made on the grounds that such testimony is irrelevant, inadmissible hearsay, improper character evidence, unduly prejudicial, and will waste time by requiring unnecessary "mini-trials."

This motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Jeffery E. Stockley filed concurrently herewith, and upon all the files and records herein; and upon such argument as may be presented at the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 4, 2013.

Dated: November 27, 2013         LIEBERT CASSIDY WHITMORE

                                 By: /s/ Jeffery E. Stockley
                                     Melanie M. Poturica
                                     Jeffery E. Stockley
                                     Leighton E. Davis
                                     Attorneys for Defendants City of Westminster, Mitchell Waller, Andrew Hall, Ron Coopman, and Kevin Baker

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Jose Flores, Ryan Reyes, and Brian Perez are currently employed as police officers for the City of Westminster. They allege that Defendants discriminated against them because of their national origin by denying them special assignments and promotions and by subjecting them to differential treatment in the terms and conditions of their employment, and that Defendant City of Westminster did so according to a policy or custom, in violation of the California Fair Employment and Housing Act (FEHA), 42 U.S.C. section 1981 ("Section 1981"), and 42 U.S.C. section 1983 ("Section 1983"). Plaintiffs Flores and Reyes have further alleged that Defendant City of Westminster retaliated against them, in violation of FEHA and Title VII, because they opposed discriminatory practices by participating in a workplace investigation, filing charges of discrimination with a state agency, and filing a civil suit alleging discrimination.

Throughout discovery in this matter, Plaintiffs have made various allegations against numerous employees at the City that have absolutely no bearing on their allegations of race discrimination and retaliation, and that can only properly be construed as unfair character assaults in an attempt to win their case at any cost. At Plaintiff Perez's deposition he asserted, as an example of the discrimination he has been subjected to, that Don Webb, who was promoted to sergeant, had an affair with an officer at the Department while still married. Perez Depo., Vol. II, pp. 472-75, Ex. 11 to Stockley Declaration.

This evidence is inadmissible because it is irrelevant to the determination of whether the City and/or police chiefs discriminated against Plaintiffs. It is also inadmissible hearsay, improper character evidence, unduly prejudicial, and will require unnecessary mini-trials.

///
///

## II. ARGUMENT

### A. EVIDENCE OF THE ALLEGED AFFAIR BETWEEN SERGEANT WEBB AND ANOTHER OFFICER IS IRRELEVANT TO PLAINTIFFS' ALLEGATIONS

Evidence which is not relevant is not admissible. Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible in an action. "Relevant evidence" is defined as evidence "having any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Normally, only factual and legal issues raised in the pleadings are 'at issue' in a trial. Issues not raised in the pleadings are not relevant except to the extent they bear on a witness' credibility, bias, etc." Rutter Group, Robert E. Jones, et. al., Federal Civil Trials and Evidence, § 8:126 (2012); *see also Coursen v. A.H. Robins Co.*, Inc., 764 F.2d 1329, 1334 (9th Cir. 1985) (in an action against the manufacturer of IUD by those who had contracted pelvic inflammatory disease, the Court held that evidence of pregnancy rates associated with IUD was prejudicial, collateral, potentially confusing, and, therefore, properly excluded). A witness' credibility may not be attacked through contradictory statements on a collateral matter. *Udemba v. Nicoli* 237 F.3d 8, 18 (1st Cir. 2001); *Lear v. Cowan*, 220 F.3d 825, 828 (7th Cir. 2000) (impeachment by contradiction on collateral matter "irrelevant and therefore inadmissible"); *Wilson v. Muckala*, 303 F.3d 1207, 1216–17 (10th Cir. 2002) (evidence of defendant/witness' extramarital affair "wholly collateral" to his credibility in sexual harassment suit). Here, evidence of any alleged affair between Sergeant Webb and another officer is irrelevant to Plaintiffs' discrimination or retaliation claims and therefore should not be admitted at trial.

### 1. Evidence of the Alleged Affair Between Sergeant Webb and Another Officer is Irrelevant Unless Plaintiffs Can Show They Applied for and/or Were Eligible for the Promotion That Sergeant Webb Received

Where a plaintiff alleges that he did not receive a specific position or

promotion because of discrimination, evidence regarding the qualifications of the person who received the position or promotion may be relevant for the purpose of showing that the plaintiff and the chosen candidate were similarly situated, and thus the employer's decision may have been pretextual. *See Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 751 (8th Cir. 2003); *White v. Columbus Metropolitan Housing Authority*, 429 F.3d 232, 241-42 (6th Cir. 2005). However, where a plaintiff does not directly compete against another employee for a promotion, evidence of the qualifications or misconduct of the employee who received a promotion is wholly irrelevant to the plaintiff's case. *See, e.g., Lewis v. City of Chicago Police Dept.*, 590 F.3d 427 (7th Cir. 2009). It is not relevant for showing that a plaintiff and a candidate were similarly situated because, in a failure-to-promote discrimination case, a plaintiff and a candidate who do not apply for the same promotion cannot be similarly situated. See, e.g., *White, supra*, 429 F.3d at 241-42.

In *Lewis, supra*, the Court of Appeals upheld the trial court's exclusion of evidence that the plaintiff's supervisor was promoted after the plaintiff lodged her gender discrimination complaint. *Lewis, supra*, 590 F.3d at 442-43. The Court noted that (1) the supervisor's promotion "offered little insight into the City's discriminatory and/or retaliatory treatment of [the plaintiff]," and (2) "it would also have shifted the focus from the actions taken against [the plaintiff] to the competing merits of [the supervisor] and whether he actually deserved a promotion." *Id.*

Similarly, in this case, the fact that Sergeant Webb was promoted to sergeant in 2009 offers little insight into the City's treatment of Plaintiffs. Unless Plaintiffs can show that they applied for the promotion and they were eligible for the position that Sergeant Webb applied for and received, any evidence of Sergeant Webb's conduct, whether it occurred before or after his promotion, is completely irrelevant to this action. Plaintiffs will not be able to make such a showing, as both Plaintiffs Flores and Reyes readily admit that they never applied for promotion to sergeant.

See Reyes Depo., Vol. I, p. 111, Ex. 12 to Stockley Declaration; Flores Depo., Vol. I, p. 184, Ex. 13 to Stockley Declaration. While Plaintiff Perez did apply for the same sergeant position in 2009, he failed the written exam during the 2009 promotion process and therefore was not eligible for consideration. See Perez Depo., Vol. II, pp. 470-72, Ex. 11 to Stockley Declaration.

### 2. Evidence Concerning Sergeant Webb's Alleged Affair is Irrelevant Because Sergeant Webb Is Not A Similarly Situated Comparator When Comparing Discipline

A plaintiff in an employment discrimination case who attempts to show that he was disciplined differently than similarly situated employees solely because of his protected classification faces a "rigorous test." *Floyd-Gimon v. Univ. of Ark. for Med. Scis. ex rel. Bd. of Trs. of Univ. of Ark.*, 716 F.3d 1141, 1150 (8th Cir. 2013), quoting *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 955-56 (8th Cir. 2012). Employees are similarly situated when they "have similar jobs and display similar conduct." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011), quoting *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). The employees must be similar in "material respects," for instance, being required to follow the same policies and procedures. *Id.* Further, "[c]ourts 'require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.'" *Day v. Sears Holdings Corp.*, 930 F.Supp.2d 1146, 1163 (C.D. Cal. 2013), quoting *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir.1999). In *Meaux v. Northwest Airlines, Inc.*, 718 F.Supp.2d 1081 (N.D. Cal. 2010), the Court refused to compare the misconduct of the plaintiff flight attendant, who wrote a threatening 20-page letter to a passenger, with a flight attendant who wrote a short note asking a passenger not to place trash in the aisle, especially when the flight attendant who wrote the note admitted fault, but the plaintiff refused to do so. *Id.* at 1090-91.

This is not a sexual harassment case. Evidence concerning Sergeant Webb's alleged affair has no bearing on whether the City discriminated against Plaintiffs on the basis of their race or retaliated against them for engaging in protected activity. Further, Plaintiffs' conduct cannot reasonably be compared to that of Sergeant Webb. In 2009, after an independent law enforcement agency conducted a criminal investigation into Officer Lumba's rape allegation against Plaintiff Reyes, and the Department conducted an administrative investigation, which was determined to be "not sustained," rather than "unfounded,"[1] Plaintiff Reyes received a written reprimand for engaging in inappropriate sexual conversations in the workplace, and was required to attend harassment training about communicating with coworkers. See Reyes Depo., Vol. I, pp. 238-50, Ex. 12 to Stockley Declaration. On the other hand, there is absolutely no testimony or evidence that Sergeant Webb's alleged inappropriate conduct was ever reported, made known to the Department, or the subject of any complaint. Therefore, Plaintiff Reyes (who was actually investigated for misconduct because the alleged rape victim complained) and Sergeant Webb (whose conduct was not brought to the attention of the Department) are not similarly situated, and the evidence is not relevant. In other words, how can the Department be accused of treating Sergeant Webb more favorably than it treated the Plaintiffs if it did not even know that Sergeant Webb allegedly engaged in inappropriate sexual conduct? Likewise, there are no similar instances of misconduct or discipline involving Plaintiffs Perez or Flores.

Moreover, as stated above, Plaintiff Reyes and Plaintiff Flores ***never have applied for promotion to sergeant*** and Plaintiff Perez only applied one time in

---

[1] This is an important distinction. A complaint is "unfounded" if "the investigation discloses that the alleged act(s) did not occur or did not involve department personnel. Complaints which are determined to be frivolous will fall within the classification of unfounded (Penal Code § 832.5(c))." On the other hand, a complaint is "not sustained" if "the investigation discloses that there is insufficient evidence to sustain the complaint or fully exonerate the employee." 2009 Westminster Police Department Policy Manual, Policy 1020.7.

2009 and failed the written exam. See Reyes Depo., Vol. I, p. 111, Ex. 12 to Stockley Declaration; Flores Depo., Vol. I, p. 184, Ex. 13 to Stockley Declaration; Perez Depo., Vol. II, pp. 470-72, Ex. 11 to Stockley Declaration. Thus, Plaintiffs cannot show that they applied for or were eligible for the same promotion or special assignment as Sergeant Webb, or that Plaintiffs had similar qualifications to Sergeant Webb. As such, this evidence is irrelevant and should be excluded.

### B. EVIDENCE CONCERNING AN ALLEGED AFFAIR OF SERGEANT WEBB IS INADMISSIBLE HEARSAY

Federal Rules of Evidence 802 provides that hearsay is inadmissible except as otherwise provided by law. Fed. R. Evid. 802. Here, Plaintiff Perez's testimony that he heard about allegedly inappropriate conduct involving Sergeant Webb does not fall within any of the exceptions to the hearsay rule. In fact, it is exactly the kind of inadmissible hearsay that Rule 802 was designed to exclude. There is no evidence that Plaintiffs have any personal knowledge whatsoever of the alleged events. Therefore, this evidence should be excluded under Rule 802.

### C. EVIDENCE CONCERNING AN ALLEGED AFFAIR BY SERGEANT WEBB IS INADMISSIBLE CHARACTER EVIDENCE

Evidence of other crimes, wrongs or acts is inadmissible to prove a person's character in order to show that the person acted in conformity with his or her character. Fed. R. Evid. 404(b)(1); *see Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002) (in sexual harassment case, evidence of previous harassment inadmissible to prove the claim); *United States v. Johnson*, 439 F.3d 884, 887 (8th Cir. 2006) (in child pornography case, evidence that defendant possessed other child pornography inadmissible as proving only propensity); *Hudson v. District of Columbia*, 558 F.3d 526, 532-33 (D.C. Cir. 2009) (testimony about defendant's history of anger, use of improper force, and falsification of records improper as exhorting jury to find he acted in conformity with prior bad acts).

The Advisory Committee's Note to Federal Rule of Evidence 404, states that:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened. 56 F.R.D. 183, 221.

The prohibition against the use of other acts to show character also applies when the defendant is an entity, rather than an individual. *See, e.g., United Drilling Company v. Enron Oil & Gas Company*, 108 F.3d 1186, 1194 (10th Cir. 1997).

Evidence of Sergeant Webb's alleged affair with a fellow employee will be used for a completely improper purpose – to infer that Sergeant Webb is a "bad" person, and that the City violated the law by promoting "bad" Caucasian officers like Sergeant Webb instead of Plaintiffs. To allow the jury to draw such a tenuous inference would be improper, as Federal Rule of Evidence 404(b) expressly prohibits the introduction of the evidence under these circumstances.

Further, with the exception of certain criminal convictions, evidence of specific acts of conduct cannot be used to impeach a witness's credibility for truthfulness. Fed. R. Evid. 608(b). A witness may be cross-examined about a specific act only where the act is probative of the witness's truthfulness and its probative value is not outweighed by the potential for unfair prejudice. Fed. R. Evid. 608(b); Fed. R. Evid. 403.

Sergeant Webb's alleged affair has no bearing whatsoever on Sergeant Webb's truthfulness. And, even if it did, any slight probative value is vastly outweighed by its potential for unfair prejudice. Therefore, this evidence must be excluded.

### D. EVEN ASSUMING THE EVIDENCE IS RELEVANT AND OTHERWISE ADMISSIBLE, IT SHOULD BE EXCLUDED AS UNDULY PREJUDICIAL AND A WASTE OF TIME

Federal Rule of Evidence 403 states that evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" can mean an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one," or evidence that is likely to inflame the passions of the jury against the party against whom it is offered. *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citing Fed. R. Evid. 403, Adv. Comm. Notes); see also *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985); *Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1142 (7th Cir. 1985) (in suit against magazine for invasion of privacy, admitting slide show of magazine's "worst pictures," purposely selected to highlight "the most offensive features of the magazine," was abuse of discretion). Even evidence that simply puts a party or witness in a bad light and has limited probative value may be excluded under Rule 403 as unfairly prejudicial. *United States v. Hedgepeth*, 418 F.3d 411, 419–21 (4th Cir. 2005) (in public corruption trial, error to admit statement that city council member might be involved in "kickback business").

Evidence concerning Sergeant Webb's alleged affair has little probative value. It has no relevance to any of the elements that Plaintiffs must show to prove their race discrimination and retaliation case. If the evidence has any probative value, it is certainly outweighed by the high probability that it will unfairly prejudice Defendants. Evidence of the alleged conduct of Sergeant Webb is inadmissible hearsay that will inflame the jury and cause it to unfairly decide this case on improper grounds.

Further, this evidence will force Defendants to engage in an unnecessary "mini-trial" regarding whether the events described by Plaintiff Perez actually even occurred. This mini-trial would serve no purpose, would consume the time and resources of all involved in this case, and would be more likely to confuse the jury than to elucidate any of the issues before it in this case. Therefore, all references and/or testimony relating to Sergeant Webb's alleged affair with another employee should be excluded under Rule 403.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court preclude Plaintiffs from offering evidence of or referring to the alleged affair between Sergeant Webb and another employee.

Dated: November 27, 2013

LIEBERT CASSIDY WHITMORE

By: /s/ Jeffery E. Stockley
Melanie M. Poturica
Jeffery E. Stockley
Leighton E. Davis
Attorney for Defendants City of Westminster, Mitchell Waller, Andrew Hall, Ron Coopman, and Kevin Baker